# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JAMES GAINES, JR., | Case No. 1:13-cv-01478-MJS (PC) |
| Plaintiff, | **ORDER (1) STRIKING SUPPLEMENTAL COMPLAINT, and (2) GRANTING LEAVE TO FILE AMENDED PLEADING** |
| v. | |
| R. M. DIAZ, et al., | **(ECF No. 13)** |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

    Plaintiff Leslie James Gaines Jr. is a state prisoner proceeding pro se and in forma Pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. His First Amended Complaint (ECF No. 12) has not been screened. On January 29, 2014, Plaintiff lodged a Supplemental Complaint (ECF No. 13).

    The Supplemental Complaint shall be stricken. Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible. Local Rule 220. Here the Supplemental Complaint is not a complete pleading.

    Plaintiff may not proceed on both the First Amended Complaint and a pleading that is supplemental to it. See Jones v. Bernanke, 685 F.Supp.2d 31, 35 (D.D.C. 2010) (the

court has broad discretion in denying a supplemental pleading where the interests of judicial economy and convenience are not furthered).

However, the Court will allow Plaintiff leave to file a second amended complaint that includes all allegations he wishes to plead, provided he does so within thirty days of service of this Order. Otherwise this matter shall proceed on the First Amended Complaint.

Plaintiff is reminded that all pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). **If Plaintiff files a second amended complaint it should not exceed twenty-five pages.** Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

Any amended complaint will supersede the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, for the reasons stated, it if HEREBY ORDERED that:

1. The Supplemental Complaint (ECF No. 13) is STRICKEN from the record,
2. Plaintiff may file a second amended complaint as provided herein by not later than thirty days following service of this Order, and

/////

/////

/////

/////

3. If Plaintiff fails to file a second amended complaint with the time allowed, this matter shall proceed on the First Amended Complaint.

IT IS SO ORDERED.

Dated: February 11, 2014        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE