# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JAMES GAINES, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. M. DIAZ, et al.,<br><br>　　　　Defendants. | Case No.  1:13-cv-01478-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (ECF No. 18)**<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 17)**<br><br>**AMENDED PLEADING DUE IN THIRTY DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on September 13, 2013 pursuant to 42 U.S.C. § 1983. Plaintiff filed a Second Amended Complaint without the Complaint and First Amended Complaint having been screened.

The Second Amended Complaint is before the Court for screening.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

1

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is

2

plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

## III.  SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at Corcoran State Prison ("CSP").

He names as Defendants (1) Sherman, CSP Warden, (2) Bonilla, Psychologist, Salinas Valley State Prison ("SVSP"), (3) Cryer, CSP Chief Executive Officer, (4) Kipps, CSP Nurse, (5) Hurtz, CSP Psychologist, (6) Metts, CSP Primary Care Physician, (7) Hernandez, CSP Correctional Counselor, (8) Vella, CSP Correctional Counselor,[1] (9) Reynoso, CSP Correctional Officer, (10) Beasley, CSP Correctional Officer, (11) Lopez, CSP Correctional Sergeant, and (12) Does, CSP Correctional Officers.[2]

Plaintiff's allegations are difficult to understand. The Court's attempt to summarize them follows:

Plaintiff claims Defendant Hernandez implied to staff and inmates that Plaintiff was a child molester because he wanted Plaintiff harassed and killed.

Defendant Vella prevented Plaintiff from filing staff complaint(s) against Defendant Hernandez. He denied without investigation those that were filed.

Defendants Reynoso, Lopez, and the Does strip-searched Plaintiff and placed him in administrative segregation because Plaintiff filed staff complaint(s) against Hernandez.

After Plaintiff was sent to administrative segregation, Defendant Lopez confiscated and destroyed his property.

---

[1] Plaintiff also refers to this individual as "Defendant Villa."
[2] Defendants Hernandez, Vella, Reynoso, Lopez and the Does are not listed as Defendants in § III of the Second Amended Complaint.

3

Defendant Dr. Metts denied Plaintiff mobility accommodation devices and denied him physical therapy for his injured hip as well as treatment of his mental condition.

Defendant Cryer was aware of the above misconduct of his subordinates and failed to take action to prevent violation of Plaintiff's rights.

Plaintiff seeks an affirmative injunction for physical therapy, accommodation devices and adequate medical treatment.

## IV.    DISCUSSION – SECOND AMENDED COMPLAINT

### A.    Prior Pleadings Superseded

Plaintiff's Second Amended Complaint purports to incorporate prior pleadings filed in this action and defendants named therein. However, an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Accordingly, the Court disregards the prior pleadings.

If Plaintiff files an amended complaint, it must be a complete pleading in and of itself without reference to prior or superseded pleadings.

### B.    Section 1983 Linkage Requirement and Unrelated Claims

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. *Iqbal*, 129 S.Ct. at 1948. Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his or her own individual actions or omissions. *Id.* at 1948.

Here, Plaintiff does not explain how Defendants Sherman, Bonilla, Hurtz and Cryer participated in, or otherwise might be responsible for, the alleged violations. The

4

mere fact they may have supervised the individuals allegedly responsible for a violation is not enough. A defendant may only be held liable in a supervisory capacity if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Additionally, to the extent Plaintiff wants to allege unrelated claims arising at SVSP and CSP, he may not do so. Unrelated claims against different defendants belong in different suits. Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event. Claims against prison personnel at different facilities are generally unrelated.

If Plaintiff chooses to amend, he must include only related claims. He also must demonstrate that each Defendant personally acted or failed to act in a manner that violated Plaintiff's rights.

**C.   Sex Offender Status - Inmate Safety and Classification**

Plaintiff contends Defendant Hernandez suggested in front of staff and inmates that Plaintiff was a child molester in order to have Plaintiff harmed.

1.   Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with personal safety. See *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege facts sufficient to show prison officials knew of and disregarded a substantial risk of serious harm. *Farmer*

*v. Brennan*, 511 U.S. 825, 847 (1994).

Here, Plaintiff does not state precisely when and how Hernandez acted to create a risk of harm or what that risk was. Plaintiff alleges simply that Hernandez "informed both other staff members, and inmates alike about what he believes the [P]laintiff is, in an attempt to have the [P]laintiff killed." (ECF No. 17, at ¶ 5.) Though Plaintiff suggests that he is "being seen as a stinking nigger child molester", (Id., at ¶ 16), it is not clear that that is connected to what Hernandez said. If Plaintiff contends it is, he should include facts showing to whom Hernandez said such things and why Plaintiff believes Hernandez intended to create a substantial risk of serious harm to Plaintiff. *Farmer*, 511 U.S. at 837. The allegations fall short of demonstrating Hernandez "effectively condone[d]" violence against Plaintiff, *Hill v. Godinez*, 955 F.Supp. 945, 949 (N.D. Ill. 1997), or that Plaintiff was harmed thereby.

        2.      Due Process Liberty Interest

A sex offender classification may in some circumstances implicate a Fourteenth Amendment liberty interest. See e.g., *Cooper v. Garcia*, 55 F.Supp.2d 1090, 1101 (S.D. Cal. 1999) (finding "the liberty interest at stake must be more than a mere 'sex offender'. . . classification. Rather, that classification must also be 'coupled with' some mandatory coercive treatment which affects a liberty interest . . . ." Here, Plaintiff does not state whether Hernandez was referring to Plaintiff's California Department of Corrections and Rehabilitation ("CDCR") classification, and, if so, what that classification was, whether Plaintiff challenged the classification and why, and the result of the challenge.

In summary, Plaintiff does not state a claim relating to inmate safety and classification. If Plaintiff chooses to amend, he should state facts showing Defendants' knowing indifference to a serious risk of harm, or coercive treatment arising from his

classification, and resulting harm.

**D.     Retaliation**

Plaintiff claims Defendants sent him to administrative segregation and refused and denied his staff complaint(s) solely because he filed staff complaints.

A retaliation claim requires: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff does not offer facts showing that Defendants were aware of his staff complaints and were motivated by them to act or fail to act as alleged. See e.g., *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009), citing *Rhodes*, 408 F.3d at 568); see also *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (a plaintiff must show that his protected conduct was a "substantial" or "motivating" factor behind the defendant's conduct).

If Plaintiff chooses to amend he must allege facts demonstrating that specific Defendants, without a legitimate penologic purpose, took adverse action against him because he undertook constitutionally protected conduct. He must specify the adverse action, what protected activity motivated it, and his basis for alleging the action taken did not have a valid custodial purpose.

**E.     Due Process - Personal Property**

Plaintiff claims that upon being sent to administrative segregation, Defendant Lopez confiscated and destroyed his property.

The Due Process Clause protects prisoners from being deprived of property

without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir.1974). An authorized, intentional deprivation of property may be actionable under the Due Process Clause.[3] *Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984), citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–436 (1982); see also *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). However, authorized deprivations of property are not actionable if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. There is an adequate post-deprivation remedy under California law.

Here, Plaintiff does not allege facts showing an authorized, intentional deprivation of his specified personal property. Nor do the allegations suggest Defendants engaged in conduct so serious as to implicate Plaintiff's substantive due process rights, i.e. conduct that is prohibited regardless of available post-deprivation remedies. See *Wood v. Ostrander*, 879 F.2d 583, 588–89 (9th Cir.1989) (the "post-deprivation rule" does not apply to claims alleging a deprivation of a right guaranteed by the substantive Due Process Clause).

If Plaintiff chooses to amend, he must allege facts showing an authorized deprivation of property not reasonably related to a legitimate penological interest.

---

[3] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan*, 455 U.S. at 436; *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); see also *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

**F.     Due Process – Strip Search**

Plaintiff maintains he was strip searched in front of a female, Defendant Reynoso.

The Fourth Amendment prohibits only unreasonable searches. *Bell v. Wolfish*, 441 U.S. 520, 558 (1979); *Byrd v. Maricopa County Sheriff's Office*, 629 F.3d 1135, 1140 (9th Cir. 2011); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. *Bell*, 441 U.S. at 558-59; *Byrd*, 629 F.3d at 1141; *Bull v. City and Cnty. of San Francisco*, 595 F.3d 964, 974-75 (9th Cir. 2010); *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010); *Michenfelder*, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Bell*, 441 U.S. at 559; *Byrd*, 629 F.3d at 1141; *Bull*, 595 F.3d at 972; *Nunez*, 591 F.3d at 1227; *Michenfelder*, 860 F.2d at 332. In analyzing these factors, the cross-gender nature of the search is a critical consideration, *Byrd*, 629 F.3d at 1143, and in the absence of an emergency may violate the Fourth Amendment. *Id.,* at 1146.

Here, it appears the strip search was conducted in the medical department, as a prelude to Plaintiff's transfer to administrative segregation, and that Defendant Reynoso did not participate in the search. The facts alleged are not sufficient under the above standard to show a rights violation.

If Plaintiff chooses to amend, he must allege facts showing that, under the above standards, the search was unreasonable.

9

**G.     Medical Indifference and Disability Accommodation**

      1.     Medical Indifference

Plaintiff suggests he is in need of physical therapy and psychological evaluation.

A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Id*. Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).

Plaintiff does not allege facts sufficient to demonstrate that any named Defendant knowingly denied, delayed, or interfered with treatment of a serious medical needs, or knowingly provided medically unacceptable care. He does not describe the nature and extent of his pain, mobility and mental conditions and how and why they presented a serious medical need. *Jett*, 439 F.3d at 1096; see also *Scarver v. Litscher*, 371 F.Supp.2d 986, 999 (W.D. Wis. 2005), citing *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) ("serious medical needs" encompass conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated, those that result in needless pain and suffering when treatment is withheld and those that have been diagnosed by a physician as mandating treatment).

Even if Plaintiff had alleged a serious medical need, the allegations do not show any Defendant was aware of and failed to respond to that need or responded in a medically unacceptable manner. See *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004). Plaintiff cannot base his claim solely on his desire for some specific

10

treatment.

If Plaintiff chooses to amend he must allege facts demonstrating named Defendants knowingly denied, delayed, or interfered with treatment of his serious medical needs, or knowingly provided medically unacceptable care, harming him.

### 2. Disability Accommodation

Plaintiff claims he was deprived of needed mobility devices based on video showing him exercising and stretching.

Title II of the Americans with Disabilities Act ("ADA") "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir.2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052.

Plaintiff does not allege facts demonstrating a disability. The claim he suffered from unspecified lower body mobility and pain condition(s) does not alone demonstrate a disability. See *Hale v. King*, 642 F.3d 492, 500 (5th Cir.2011), citing Americans with Disabilities Act of 1990, § 3(1)(A), 42 U.S.C.A. § 12102(1) (A (under the ADA, a disability is an impairment substantially limiting one or more of the major life activities). Significantly, Plaintiff does not claim he has been issued an accommodation chrono.

Additionally, an ADA claim for injunctive relief against an individually named Defendant must relate to "official" rather than "individual" capacity. See e.g., *Heinke v. County of Tehama Sheriff's Dept.*, No. CVI S–12–2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013). An official capacity claim is one in which CDCR system-

wide decision making authority or policy or practice was the moving force behind the alleged rights violation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Second Amended Complaint does not include facts demonstrating Defendants acted in an official capacity.

If Plaintiff chooses to amend he must allege facts demonstrating named Defendants, in their official capacity, excluded him from participation in or otherwise discriminated against him with regard to prison services, programs, or activities because of his qualifying disability.

### H.   Inmate Grievance

Plaintiff claims Defendants improperly processed and decided his staff complaint(s). However, in *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in *Ramirez v. Galarza*, 334 F.3d 850, 860 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure.

The appeal procedure does not create any due process rights nor does it entitle Plaintiff to any particular action by prison staff. *Ramirez*, 334 F.3d at 860 (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). Plaintiff's mere disagreement with actions of Defendants in reviewing his staff complaint(s) is not actionable under § 1983. *Id.*

Plaintiff may not assert a due process claim arising solely from processing and denial of his staff complaint(s).

## V.   MOTION FOR INJUNCTION RELIEF

On September 22, 2014, Plaintiff filed a motion seeking preliminary injunctive relief against Defendants Beasley and Hernandez based on the above allegations.

12

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984); see *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

However, Plaintiff cannot seek injunctive relief where, as here, no underlying federal claim is stated. *City of Los Angeles*, 461 U.S. at 101–02 (plaintiff must show a "case or controversy" and "real and immediate" threat of injury).

Additionally Plaintiff's motion is entirely conclusory. It includes no facts suggesting he suffered hardship or threaten injury.

## VI.   CONCLUSIONS AND ORDER

The Second Amended Complaint fails to state any cognizable claim. The motion for injunctive relief lacks merit.

The Court will provide Plaintiff with an opportunity to file an amended complaint that cures noted deficiencies, *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further,

13

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George*, 507 F.3d at 607.

Finally, an amended complaint supersedes the original complaint, *Lacey,* 693 F.3d at 928, and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Second Amended Complaint filed September 8, 2014,

2. Plaintiff's Second Amended Complaint (ECF No. 17) is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff's motion for injunctive relief (ECF No. 18) is DENIED without prejudice,

4. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

5. If Plaintiff fails to file an amended complaint in compliance with this Order, the action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v, Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   September 30, 2014            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

14

15